B 1 (Official Form 1) (1/08)

# United States Bankruptcy Court
## District of Delaware

**Voluntary Petition**

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Stallion Oilfield Services Ltd.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See attached Rider A** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all):<br>**74-3072101** | Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**950 Corbindale Road, Suite 300**<br>**Houston, Texas**<br>ZIP CODE **77024** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Harris County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

### Type of Debtor
(Form of Organization)
(Check one box.)

- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☑ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box.)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☑ Other:
  **Oilfield Services**

**Tax-Exempt Entity**
(Check box, if applicable.)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.)

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Nature of Debts
(Check one box.)

- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☑ Debts are primarily business debts.

### Filing Fee (Check one box.)

- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors

**Check one box:**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Check all applicable boxes:**
- ☑ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

- ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE IS FOR COURT USE ONLY**

**Estimated Number of Creditors (on a consolidated basis)**

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☑ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets (on a consolidated basis)**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☑ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities (on a consolidated basis)**

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☑ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B 1 (Official Form 1) (1/08) Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Stallion Oilfield Services Ltd.** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: **None** | Case Number: | Date Filed: |
| Location Where Filed: **None** | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: **See attached Schedule 1** | Case Number: | Date Filed: |
| District: **District of Delaware** | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B 1 (Official Form) 1 (1/08) | Page 3 |
|---|---|
| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** Stallion Oilfield Services Ltd. |

### Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U S C § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>Telephone Number (if not represented by attorney)<br><br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition<br><br>(Check only one box )<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U S C § 1515 are attached<br><br>☐ Pursuant to 11 U.S C § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>Date |
| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X */s/ Daniel J. DeFranceschi*<br>Signature of Attorney for Debtor(s)<br>Daniel J. DeFranceschi<br>Printed Name of Attorney for Debtor(s)<br>Richards, Layton & Finger, P.A.<br>Firm Name<br>One Rodney Square, 920 North King Street<br>Wilmington, Delaware 19801<br>Address<br>(302) 651-7700<br>Telephone Number<br>October 19, 2009<br>Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S C § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U S C § 110) |
| **Signature of Debtor (Corporation/Partnership)** | Address |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition<br><br>X */s/ John R. Castellano*<br>Signature of Authorized Individual<br>John R. Castellano<br>Printed Name of Authorized Individual<br>Chief Restructuring Officer<br>Title of Authorized Individual<br>October 19, 2009<br>Date | X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

# Rider A

**Other Names Used by Stallion Oilfield Services Ltd. in the Last Eight Years**

- Aero Acquisition Ltd.
- Stallion Oilfield Services L.P.
- Stallion Oilfield Services Limited Partnership
- Stallion Oilfield Services LP
- Stallion Oilfield Services Ltd. Partnership

# Schedule 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "<u>Stallion Entities</u>") filed a petition in this court for relief under chapter 11 of title 11 of the United States Code. The Stallion Entities have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Stallion Oilfield Services Ltd.

1. Stallion Oilfield Services Ltd.
2. Central Industries, Inc.
3. Salty's Disposal Wells, LP
4. Salty's Manufacturing, Ltd.
5. Stallion Acquisition, LLC
6. Stallion Heavy Haulers, LP
7. Stallion Interests, LLC
8. Stallion Offshore Quarters, Inc.
9. Stallion Oilfield Construction, LLC
10. Stallion Oilfield Finance Corp.
11. Stallion Oilfield Holdings GP, LLC
12. Stallion Oilfield Holdings, Ltd.
13. Stallion Oilfield Services, Inc.
14. Stallion Production Services, LP
15. Stallion Production, LLC
16. Stallion Rockies Ltd.
17. Stallion Solids Control, Inc.
18. Stallion Stables, LLC

# UNANIMOUS WRITTEN CONSENT
# OF THE GENERAL PARTNER
# OF
# STALLION OILFIELD SERVICES LTD.

The undersigned, being the general partner (the "General Partner") of Stallion Oilfield Services Ltd. (the "Company"), do hereby adopt by unanimous written consent the following resolutions and hereby waive any required notice in connection herewith and direct that a copy hereof be filed with the minutes of the proceedings of the General Partner and the Company.

WHEREAS, the General Partner reviewed and considered the materials presented by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses; and

WHEREAS, the General Partner has had the opportunity to consult with the management and the financial and legal advisors to the Company and fully consider each of the strategic alternatives available to the Company;

I. **Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code.**

RESOLVED, that in the judgment of the General Partner, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and it is

RESOLVED FURTHER, that the officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, with power of delegation, be, and they hereby are, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses; and it is

II. **Retention of Professionals.**

RESOLVED FURTHER, that the Authorized Officers, acting alone or with one or more other Authorized Officers, with power of delegation, be, and they hereby are, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all

action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's businesses; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Richards, Layton & Finger, P.A. as Delaware bankruptcy counsel and conflicts counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Richards, Layton & Finger, P.A.; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Miller Buckfire & Co., LLC, as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Miller Buckfire & Co., LLC; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of AP Services, LLC, to provide interim management and restructuring services to the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of AP Services, LLC; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC as notice and claims agent and Epiq Financial Balloting Group, LLC as balloting agent to represent and assist the Company in carrying out its duties under Bankruptcy Code, and to take any and all actions to advance the

Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Epiq Bankruptcy Solutions, LLC as notice and claims agent and Epiq Financial Balloting Group, LLC as balloting agent; and it is

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and it is

### III. Cash Collateral Agreement.

RESOLVED FURTHER, that in connection with the commencement of the chapter 11 case by the Company, any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Company's chapter 11 case, which agreement(s) may require the Company to grant liens and pay interest to the Company's existing lender(s), and to take such additional action and to execute and deliver each other agreement, instrument, or document, to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and it is

### IV. Further Actions and Prior Actions.

RESOLVED FURTHER, that the Authorized Officers be, and they hereby are, authorized and empowered, with power of delegation, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his/her discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and it is

RESOLVED FURTHER, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

\* \* \* \* \*

[Signature Page Follows]

IN WITNESS WHEREOF, these resolutions are adopted as of the latest date written below.

                    STALLION INTERESTS, LLC, the General Partner

                    By: Craig M. Johnson,
                        Manager

                    By: David S. Schorlemer,
                        Manager

Dated: October 18, 2009

                    Craig M. Johnson

                    David S. Schorlemer

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | )  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| STALLION OILFIELD SERVICES LTD., | ) | Case No. 09-_____ (___) |
| | ) | |
| Debtor. | ) | Joint Administration Requested |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS

| Debtor | Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Stallion Oilfield Services Ltd. | Stallion Oilfield Holdings, Ltd. | c/o Stallion Oilfield Holdings, Ltd. 950 Corbindale Road Suite 300 Houston, Texas 77024 | Limited Partner 99.99% |
| Stallion Oilfield Services Ltd. | Stallion Interests, LLC | c/o Stallion Interests, LLC 950 Corbindale Road Suite 300 Houston, Texas 77024 | General Partner 0.01% |

## DECLARATION UNDER PENALTY OF PERJURY

I, John R. Castellano, the undersigned authorized signatory of Stallion Oilfield Services Ltd., named as a debtor in this case, declare under the penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Dated: October 19, 2009

John R. Castellano
Chief Restructuring Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| STALLION OILFIELD SERVICES LTD., | ) | Case No. 09-_____ (___) |
| | ) | |
| Debtor. | ) | Joint Administration Requested |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1, the following is a partnership, other than a governmental unit, that directly or indirectly owns 10% or more of any class of the Debtor's equity interests:

| Corporate Entity | Percentage of Equity Interests Held |
|---|---|
| Stallion Oilfield Holdings, Ltd. | 99.99% |

## DECLARATION UNDER PENALTY OF PERJURY

I, John R. Castellano, the undersigned authorized signatory of Stallion Oilfield Services Ltd., named as a debtor in this case, declare under the penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: October 19, 2009

John R. Castellano
Chief Restructuring Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| STALLION OILFIELD SERVICES LTD., *et al.*,[1] | Case No. 09-_____ (___) |
| Debtors. | Joint Administration Requested |

## CONSOLIDATED LIST OF CREDITORS HOLDING THE 30 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, "Stallion") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. The following is the consolidated list of Stallion's creditors holding the 30 largest unsecured claims (the "Creditor List") based on Stallion's books and records as of approximately October 19, 2009. The Creditor List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Creditor List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims on a consolidated basis. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, Stallion. The information herein, including the failure of Stallion to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of Stallion's right to contest the validity, priority, or amount of any claim.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, include: Stallion Oilfield Services Ltd. (2101); Central Industries, Inc. (3594); Salty's Disposal Wells, LP (0682); Salty's Manufacturing, Ltd. (0679); Stallion Acquisition, LLC (2495); Stallion Heavy Haulers, LP (3203); Stallion Interests, LLC (4416); Stallion Offshore Quarters, Inc. (7410); Stallion Oilfield Construction, LLC (1600); Stallion Oilfield Finance Corp. (7114); Stallion Oilfield Holdings GP, LLC (7889); Stallion Oilfield Holdings, Ltd. (7890); Stallion Oilfield Services, Inc. (8455); Stallion Production Services, LP (2038); Stallion Production, LLC (2040); Stallion Rockies Ltd. (9473); Stallion Solids Control, Inc. (4425); and Stallion Stables, LLC (7522). The location of Stallion's corporate headquarters and the service address for its affiliates is: 950 Corbindale Road, Suite 300, Houston, Texas 77024.

| | NAME OF CREDITOR, COMPLETE MAILING ADDRESS AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIMS | NATURE OF CLAIM (bond debt, trade debt, bank loan, government contracts, etc.) | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (if secured, also state value of security) |
|---|---|---|---|---|
| 1. | The Bank of New York Trust Company, N.A.<br>Corporate Trust Division<br>601 Travis Street, 18th Floor<br>Houston, Texas 77002<br>Tel: (713) 483-6649<br>Fax: (713) 483-7803<br>Attn: Kashif Asghar | Bond Debt | Unliquidated | $283,863,071 |
| 2. | Wilmington Trust Company<br>50 South Sixth Street<br>Suite 1290<br>Minneapolis, Minnesota 55402<br>Tel: (612) 217-5630<br>Fax: (612) 217-5651<br>Attn: Jeffery Rose | Bond Debt | Unliquidated | $259,291,652 |
| 3. | Ice Services<br>2606 C Street<br>Suite 6A<br>Anchorage, Alaska 99503<br>Tel: (907) 301-6247<br>Fax: (907) 644-8202<br>Attn: Chris Riley | Trade Debt | Unliquidated | $384,863 |
| 4. | JPS Equipment, LLC<br>P.O. Box 75<br>West Monroe, Louisiana 71294<br>Tel: (318) 752-5936<br>Fax: (318) 752-5937<br>Attn: Rachel/Stephen Bullock | Trade Debt | Unliquidated | $345,955 |
| 5. | Peak Oilfield Service Company<br>2525 C Street<br>Suite 201<br>Anchorage, Alaska 99503<br>Tel: (907) 263-7000<br>Fax: (907) 263-7061<br>Attn: Shelly | Trade Debt | Unliquidated | $338,857 |

| 6. | Johnnie R Gresham Operations, Inc.<br>P.O. Box 211<br>Louise, Texas 77455<br>Tel: (979) 648-2580<br>Fax: (979) 648-2584<br>Attn: Loraine | Trade Debt | Unliquidated | $209,780 |
|---|---|---|---|---|
| 7. | North Slope Borough<br>P.O. Box 69<br>Barrow, Alaska 99723<br>Tel: (907) 852-2611<br>Fax: (907) 852-0245<br>Attn: Sarah Nicely | Utility | Unliquidated | $190,126 |
| 8. | Total Safety<br>P.O. Box 974686<br>Dallas, Texas 75397-4686<br>Tel: (800) 824-4250<br>Fax: (281) 867-2400<br>Attn: Paul LeBlanc | Trade Debt | Unliquidated | $181,783 |
| 9. | Quality Mat Company<br>6550 Tram Road<br>Beaumont, Texas 77713<br>Tel: (409) 898-1170<br>Fax: (409) 892-6415<br>Attn: Amy | Trade Debt | Unliquidated | $133,349 |
| 10. | Big River Lumber Company, LLC<br>9805 Highway 24 East<br>Centreville, Mississippi 39631<br>Tel: (601) 645-6363<br>Fax: (601) 645-6483<br>Attn: Alex Kirkland | Trade Debt | Unliquidated | $126,039 |
| 11. | H&E Equipment Services, LLC<br>P.O. Box 849850<br>Dallas, Texas 75284-9850<br>Tel: (210) 655-0048<br>Fax: (972) 986-0984<br>Attn: Dawn | Trade Debt | Unliquidated | $115,356 |
| 12. | Trail Blazer Hot Shot, Inc.<br>P.O. Box 99<br>Elk City, Oklahoma 73648<br>Tel: (580) 821-4181<br>Fax: (580) 243-3536<br>Attn: Carl Farner | Lease | Unliquidated | $111,221 |

| 13. | Bowie Dozer Service, Inc.<br>P.O. Box 1303<br>Bowie, Texas 76230<br>Tel: (940) 626-4793<br>Fax: (940) 627-1510<br>Attn: Harold and Evelyn Haile | Contract Liability | Unliquidated | $110,583 |
|---|---|---|---|---|
| 14. | OK Fuel Stop<br>P.O. Box 1361<br>Williston, North Dakota 58802<br>Tel: (701) 572-4591<br>Fax: (701) 572-1571<br>Attn: Laurie Johnson | Trade Debt | Unliquidated | $100,648 |
| 15. | Continental Wire Cloth<br>11240 South James Avenue<br>Jenks, Oklahoma 74037<br>Tel: (918) 794-0334<br>Fax: (918) 794-0337<br>Attn: Stephanie Holly/Matt Lopez | Trade Debt | Unliquidated | $100,391 |
| 16. | Acadiana Harwood, LLC<br>7730 LA Highway 81 East<br>Livonia, Louisiana 70755<br>Tel: (225) 637-2313<br>Fax: (225) 637-3821<br>Attn: Alex Kirkland | Trade Debt | Unliquidated | $100,332 |
| 17. | ESP Petrochemicals, Inc.<br>P.O. Box 3742<br>LaFayette, Louisiana 70502<br>Tel: (337) 456-4725<br>Fax: (337) 456-4569<br>Attn: Monica Bourque | Trade Debt | Unliquidated | $99,281 |
| 18. | Abbeville Electric Supply Inc.<br>320 South State Street<br>Abbeville, Louisiana 70510<br>Tel: (337) 898-2922<br>Fax: (337) 898-5672<br>Attn: John Davidson | Trade Debt | Unliquidated | $89,545 |
| 19. | Genie Industries<br>12506 Collections Center Drive<br>Chicago, Illinois 60693<br>Tel: (800) 536-1800<br>Fax: (425) 882-8303<br>Attn: Alex | Trade Debt | Unliquidated | $87,440 |

| | | | | |
|---|---|---|---|---|
| 20. | Earls Electric<br>P.O. Box 576<br>Williston, North Dakota 58802-0576<br>Tel: (701) 572-2772<br>Fax: N/A<br>Email: earlselectric@nemontel.net<br>Attn: Earl Haugenoe | Trade Debt | Unliquidated | $82,452 |
| 21. | H2O, Inc.<br>841 Vincent Road<br>Lafayette, Louisiana 70508-7600<br>Tel: (337) 857-7203<br>Fax: (337) 857-7270<br>Attn: Tom Turk | Trade Debt | Unliquidated | $82,052 |
| 22. | Texas Environmental Plastics, Ltd.<br>2500 Farrell Road<br>Houston, Texas 77073<br>Tel: (281) 821-7036<br>Fax: (281) 821-7138<br>Attn: Russell Wells | Trade Debt | Unliquidated | $81,034 |
| 23. | Petroleum Products, Inc.<br>P.O. Box 644274<br>Pittsburgh, Pennsylvania 15264<br>Tel: (304) 720-7109<br>Fax: (304) 755-3792<br>Attn: Hillary Roberts | Trade Debt | Unliquidated | $75,768 |
| 24. | Eagle Construction<br>P.O. Box 872<br>Eastland, Texas 76448<br>Tel: (254) 629-1718<br>Fax: (254) 629-8625<br>Attn: Larry Barnes | Trade Debt | Unliquidated | $73,380 |
| 25. | ITI Trailers and Truck Bodies, Inc.<br>P.O. Box 59<br>Meyersdale, Pennsylvania 15552<br>Tel: (814) 634-0080<br>Fax: (814) 634-5846<br>Attn: Greg Buterbaugh | Trade Debt | Unliquidated | $72,800 |
| 26. | West Dakota Oil Company<br>P.O. Box 322<br>Dickinson, North Dakota 58602<br>Tel: (701) 579-4867<br>Fax: NA<br>Attn: Ross Reiter | Trade Debt | Unliquidated | $66,289 |

| 27. | McCody Concrete Products<br>P.O. Box 4005<br>13676 57th Street NW<br>Williston, North Dakota 58802<br>Tel: (701) 572-5300<br>Fax: (701) 774-9883<br>Attn: Jim Jensen | Trade Debt | Unliquidated | $65,471 |
|---|---|---|---|---|
| 28. | NC Machinery Co./NC Power System<br>P.O. Box 58201<br>Tukwila, Washington 98138-1201<br>Tel: (907) 786-7500<br>Fax: (907) 786-7532<br>Attn: Gary Hirschberg | Trade Debt | Unliquidated | $65,396 |
| 29. | LaCassine Oilfield Services<br>P.O. Box 102<br>LaCassine, Louisiana 70650<br>Tel: (337) 588-4558<br>Fax: (337) 588-4560<br>Attn: Christine Janise | Trade Debt | Unliquidated | $64,836 |
| 30. | Herbert Shell & Limestone<br>P.O. Box 740<br>Baldwin, Louisiana 70514-0740<br>Tel: (337) 942-7584<br>Fax: (337) 923-2150<br>Attn: Clint Bishop | Trade Debt | Unliquidated | $64,572 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | ) Chapter 11 |
| ) | |
| STALLION OILFIELD SERVICES LTD., *et al.*,[1] ) | ) Case No. 09-_____ (___) |
| ) | |
| Debtors. ) | ) Joint Administration Requested |
| ) | |

## CERTIFICATION OF CONSOLIDATED LIST OF CREDITORS

The consolidated list of creditors holding the 30 largest unsecured claims being filed in electronic format contemporaneously with the foregoing petition (the "Creditor List") constitutes a full and complete list of name and address of each creditor. This list is being filed pursuant to section 521 of title 11 of the United States Code, Rules 1007 and 1008 of the Federal Rules of Bankruptcy Procedure, and Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. The above captioned debtors and debtors in possession (collectively, "Stallion"), reserve the right to file an amended or supplemental list of creditors. The Creditor List is based upon the internal bookkeeping records of Stallion and is accurate to the best of the undersigned's knowledge, information, and belief, subject to further review.

I, John R. Castellano, the duly qualified and elected Chief Restructuring Officer of Stallion Oilfield Services Ltd., declare under penalty of perjury that I have reviewed the Creditor List and that it is true and correct to the best of my information and belief.

Dated: October 19, 2009

_____
John R. Castellano
Chief Restructuring Officer

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, include: Stallion Oilfield Services Ltd. (2101); Central Industries, Inc. (3594); Salty's Disposal Wells, LP (0682); Salty's Manufacturing, Ltd. (0679); Stallion Acquisition, LLC (2495); Stallion Heavy Haulers, LP (3203); Stallion Interests, LLC (4416); Stallion Offshore Quarters, Inc. (7410); Stallion Oilfield Construction, LLC (1600); Stallion Oilfield Finance Corp. (7114); Stallion Oilfield Holdings GP, LLC (7889); Stallion Oilfield Holdings, Ltd. (7890); Stallion Oilfield Services, Inc. (8455); Stallion Production Services, LP (2038); Stallion Production, LLC (2040); Stallion Rockies Ltd. (9473); Stallion Solids Control, Inc. (4425); and Stallion Stables, LLC (7522). The location of Stallion's corporate headquarters and the service address for its affiliates is: 950 Corbindale Road, Suite 300, Houston, Texas 77024.